Levinson et al., Appellants, *v.* Bucks County.

Argued May 5, 1969. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*George T. Kelton,* with him *John Leslie Kilcoyne,* and *Begley, Carlin, Mandio, Kelton and Popkin,* for appellants.

*Peter A. Glascott,* with him *Samuel S. Gray, Jr.,* for appellee.

OPINION BY MR. JUSTICE O'BRIEN, June 27, 1969:
This is an appeal from the order of the Court of Common Pleas of Bucks County, sustaining one of appellee's preliminary objections, on the grounds that plaintiff's action was barred by §2433 of The County Code, Act of August 9, 1955, P. L. 323, 16 P.S. §2433.

On September 11, 1962, the Bucks County Board of Commissioners approved a resolution condemning a seven-acre tract of land belonging to appellants. On September 25, 1963, the Commissioners approved the following resolution: "THE COMMISSIONERS, with regard to the Seven (7) Acre Levinson Tract on Oxford Valley Road in Bristol Township, in lieu of further condemnation proceedings, and based upon appraisal figures as submitted to the County, did agree, subject to there being no legal reason for not doing so, to acquire for Park Purposes, for a consideration of Seventy Thousand, ($70,000.00) Dollars, the above mentioned tract. This settlement was agreed to by Mr. Irving Levinson, speaking for Irving and William Levinson." On April 13, 1964, the Commissioners adopted a resolution purporting to rescind the second resolution, and instructing the County Solicitor to enter into further negotiations with appellants. On January 18, 1965, the Commissioners adopted a resolution purporting to rescind the first resolution and to "discon-

tinue all proceedings taken providing for the said appropriation of said land . . ."

Appellants filed a bill in equity seeking specific performance of the 1963 agreement. Appellee filed several preliminary objections, all but one of which were dismissed by the Chancellor. He sustained the preliminary objection that §2433 barred the instant action. We believe he erred in sustaining that objection.

Section 2433 provides as follows : "In case the county shall discontinue any proceedings taken providing for the appropriation, injury or destruction of any land, property or materials prior to the entry upon, taking or appropriation thereof and before judgment therein, the said county shall not thereafter be liable to pay any damages which have been or might have been allowed, but all costs upon any such proceedings had thereon shall be paid by the county, together with any actual damages, loss or injury sustained by reason of such proceeding, and the amount of the same may be determined and fixed by the court in which such proceeding was pending." The question before us involves the proper interpretation to be given the word "proceedings". Although we agree with the court below that the question is "not without difficulty," on balance it would appear that the statute contemplates some sort of court action. The section speaks of "proceedings taken . . . before judgment therein", of damages which "have been or might have been allowed", and of costs which may be "determined and fixed by the Court in which such proceeding was pending". More important than the language, which admittedly is not crystal clear, is the purpose of the provision permitting discontinuance. See §51 of the Statutory Construction Act, Act of May 28, 1937, P. L. 1019, 46 P.S. §551. That purpose is clearly delineated in the exhaustive opinion of Mr. Justice SIMPSON in *Reinbold v. Com-*

*monwealth,* 319 Pa. 33, 179 Atl. 571 (1935), in which all the Pennsylvania cases and many of the leading cases from other jurisdictions dealing with the discontinuance of condemnations are analyzed. Quoting at length from *O'Neill v. Freeholders of Hudson,* 41 N.J. L. 161 (1879), *Reinbold* states at page 36:

"Whenever land is sought to be taken for a public purpose, the public authorities, in the absence of any statutory provision to the contrary, have a reasonable time given them, after the ascertainment of the expense of the scheme, to decide whether to accept or refuse the land at the price fixed. On every account [he says] that rule commends itself to my judgment. With respect to the landowner, the procedure is fair and just; it calls for a reasonable valuation of his land, and if the public reject it at such estimation, he suffers, in general, no detriment, and if, in any exceptional case, any injury is done him, he is entitled to reparation. On the other side, the rule in question is a necessity, in view of the rational conduct of public affairs: *the question whether a projected improvement is wise or unwise, expedient or inexpedient, cannot be answered by any one who is ignorant of the expense that it involves,* and therefore to require public agents, in handling these matters, to disregard this plain dictate of common sense, would be altogether absurd. A man of prudence relinquishes a project when he finds the cost is likely to exceed, in large measure, its benefit; it would seem intolerably unreasonable to require the agent of the public to pursue the opposite course. In construing any statute authorizing one of these undertakings, every reasonable intendment should be against reading it in a sense that would put the public in this false position. The legal effect of such acts should be held to be that they compel the landowner to offer the public the required land at the ascertained price, and that, when such price has been finally

66

ascertained, the public has a reasonable time within which to make an election either to accept or reject the offer." (Emphasis ours). Again, quoting §307 of Elliott on Roads and Streets (3d ed.), *Reinbold* declares at page 38: *"The right to discontinue proceedings, unless the statute otherwise provides, exists as long as the amount of compensation remains undetermined,* except in cases where possession has been taken or the party seeking to condemn property has so far affirmed the proceedings as to give the owner a right to treat the taking as final. *It is evident that a county, township, or municipal corporation ought not to be held bound to take and pay for property required for a road or street until it knows certainly and definitely what will be required to pay for the property ... it cannot, in reason or justice, be compelled to take the property until it is informed what compensation will be exacted, and opportunity is afforded it to determine whether the public welfare will justify the expenditure, or the treasury will fairly bear the burden."* (Emphasis ours).

From these passages it should be evident that the purpose of allowing a discontinuance, to enable the municipality to change its mind when it finds that the damages will be more than it can bear, would in no way be fulfilled by permitting a discontinuance in the instant case. Once the parties have agreed on compensation, as they have in the instant case, no uncertainty exists. Thus, no reason appears why the legislature would have intended to treat municipalities different from any other party, allowing them to renege on their contracts. We are thus convinced that there are no "proceedings" to discontinue, and that the court below erred in sustaining the preliminary objection based on §2433 of The County Code.

The order of the court below is reversed, and the case is remanded for proceedings consistent with this opinion.

Dissenting Opinion by Mr. Justice Cohen:

The complaint alleges that the County of Bucks by resolution condemned plantiff's land for park purposes. It further alleges that the Board of Commissioners agreed by resolution to pay plaintiff $70,000 for this land. Plaintiff now seeks in equity the $70,000 agreed upon. I fail to see how equity has jurisdiction in this case. Plaintiff has either an adequate remedy at law in an action of assumpsit for the $70,000, or an adequate statutory remedy in eminent domain proceedings as provided by statute. In neither case does equity have jurisdiction. If there is an adequate remedy at law by an action in assumpsit upon the agreed damages for the condemnation, the chancellor would have jurisdiction to transfer this case to the law side. If there is an adequate statutory remedy before the board of view and court of common pleas, the chancellor would have no jurisdiction over this litigation and should have dismissed the complaint.